IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:19-CR-55-TAV-HBG-3 |
| | ) | | |
| COY POTTER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Presently before the Court is defense counsel's Motion to Review Appointment of Counsel [Doc. 62], filed on July 2, 2020.

On July 14, 2020, the parties appeared before the Court via videoconference for a motion hearing. Assistant United States Attorney Cynthia Davidson was present representing the Government. Attorney Cullen Wojcik was present representing the Defendant, who was also present. Attorney Russell Greene was also present.

The motion asks the Court to appoint substitute counsel for Defendant Potter because Attorney Wojcik has an actual conflict of interest that ethically prohibits his representation of the Defendant. Attorney Wojcik explained that he had discovered an actual and current conflict in the course of reviewing Defendant's case. Attorney Wojcik stated that he had explained the issue of the conflict to Defendant, and that Defendant did not object to the motion. AUSA Davidson stated that the Government had no objection to the pending motion. The Court addressed Defendant

Potter to ensure that he understood that Attorney Wojcik had a conflict that requires that he withdraw from his case.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an apparent, direct and actual conflict in this case, the Court finds that good cause exists to grant defense counsel's defense counsel's Motion to Review Appointment of Counsel [**Doc. 62**], the same is **GRANTED**, and Attorney Wojcik relieved as counsel of record for Defendant Potter. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. CJA Panel Attorney Russell Greene appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Attorney Greene as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Attorney Wojcik and the Government are **DIRECTED** to provide the Defendant's file and any discovery to new counsel as expeditiously as possible.

Accordingly, it is **ORDERED:**

(1) Defense counsel's Motion to Review Appointment of Counsel [**Doc. 62**] is **GRANTED**;

(2) Attorney Wojcik is permitted to withdraw as counsel of record for the Defendant and is **DIRECTED** to transfer the Defendant's file to new counsel as soon as possible. Attorney Wojcik and the

Government are **DIRECTED** to provide discovery to Attorney Greene as soon as possible; and

(3) Attorney Russell Greene is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA.[1]

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[1] During the motion hearing, the Court continued the arraignment on the Superseding Indictment [Doc. 54] in the present case to allow Attorney Greene to consult with Defendant Potter. Attorney Greene is **DIRECTED** to contact Chambers to schedule the arraignment.